**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Lavon Hamilton,<br><br>      Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>      Respondents. | No. CV-18-02255-PHX-RCC<br><br>**ORDER** |

On July 17, 2018, Petitioner Paul Lavon Hamilton filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty). (Doc. 1.) On July 31, 2019, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation (R&R) in which he recommended that this Court find that Ground One of the § 2254 Habeas is without merit, and Grounds Two through Five are procedurally defaulted. (Doc. 23 at 14.) Plaintiff filed an objection (Doc. 24) and Defendant filed a response (Doc. 25). Upon review, the Court adopts the Magistrate Judge's R&R and dismisses Petitioner's § 2254 Habeas Petition.

**I.   REPORT AND RECOMMENDATION: STANDARD OF REVIEW**

The standard the District Court uses when reviewing a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   However, when a party objects, the District Court must "determine *de novo* any part of the magistrate

judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

Petitioner does not object to the Magistrate Judge's factual and procedural history. The Court, therefore, adopts them here and will not restate them except as they relate to Petitioner's objection.

## II. Petitioner's Objection

Petitioner's Objection to the R&R re-argues the merit of his claims: that in Ground One his trial counsel was ineffective for failing to inform the trial court that Petitioner was on medications that affected his ability to enter into a knowing and voluntary plea. However, he does not explain why the Magistrate Judge's findings are incorrect. In addition, Petitioner has not properly objected to the Judge Ferraro's determination that Grounds Two through Five are procedurally defaulted.

   a. *Grounds Two Through Five*

A petitioner's objections to an R&R must specifically indicate the findings and recommendations for which the he disagrees. Fed. R. Civ. P. 72(b). The Court finds that Petitioner has not raised any specific claims challenging the Magistrate Judge's determination that Grounds Two through Five are procedurally defaulted. Nevertheless, the Court has reviewed the R&R and the associated pleadings and finds that Magistrate Judge Ferraro's conclusions about Grounds Two through Five are well-reasoned.

   b. *Ground One*

Petitioner objects to Ground One, claiming trial counsel was ineffective because counsel did not inform the trial court that he was on medications during the change of plea proceedings. Plaintiff claims his guilty plea was invalid because these medications

made him groggy and made his guilty plea not knowing and intelligent. The trial court found this argument had no merit, the Arizona Court of Appeals granted review but denied relief, and the Arizona Supreme Court denied the Petition for Review of his claim.

The Magistrate Judge found the claim procedurally exhausted, but determined that the state court decisions were not contrary to or an unreasonable application of law. (Doc. 23 at 13.) Judge Ferraro noted that Petitioner had not admitted evidence that his medications caused the alleged side effects, and his behavior in the plea proceedings did not raise any red flags about his ability to enter into a plea. *Id*. Under the totality of the circumstances, the trial court's decision that Petitioner had not demonstrated ineffective assistance under *Strickland v. Washington*, 446 U.S. 668 (1984), was a reasonable application of law to the facts of the case. *Id*. Moreover, Petitioner could not demonstrate that but for counsel's alleged ineffectiveness, the outcome would have been different. *Id*. The Magistrate Judge noted that Petitioner claimed he would not have taken the plea if the plea proceedings had occurred later in the day because the medications made him foggy. *Id*. at 14. However, the plea proceedings did take place later in the afternoon-at 3:35 p.m. in fact-and so the judge found this argument unpersuasive. *Id*.

Petitioner's Objection merely restates his assertion that the medications he was on made him incompetent. (Doc. 24.) The Court finds that the Magistrate Judge's conclusions were correct; the state court determination as to Ground One was reasonable and not contrary to Federal law. *See* 28 U.S.C. § 2254(a) (District Court may not grant habeas petition unless "decision was contrary to, or involved an unreasonable application of, clearly established Federal law."). The Court will not grant the relief Petitioner seeks.

Accordingly, IT IS ORDERED:

1. Magistrate Judge D. Thomas Ferraro's Report and Recommendation is ADOPTED. (Doc. 23.)
2. Petitioner Paul Lavon Hamilton's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED. (Doc. 1.)
3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court will

not issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

4. The Clerk of Court shall enter judgment accordingly and close the case file in this matter.

Dated this 11th day of September, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge